UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEROME DORSEY                                                                    PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 2:04CV253-RHW

CHRISTOPHER EPPS, et al                                                        DEFENDANTS

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court are two [47, 49] Motions for Summary Judgment filed on behalf of the doctor Defendants who treated Plaintiff at South Mississippi Correctional Institute (SMCI): Joseph Blackston, M.D.; Moses Young, M.D.; and Jerry W. Welch, M.D. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 on July 29, 2004. In his complaint, Plaintiff alleged that these Defendants denied him constitutionally adequate medical care for a condition affecting Plaintiff's legs, feet, and ankles.

**Factual Background**

Plaintiff alleged that while incarcerated at Wilkinson County Correctional Facility (WCCF), he was placed in isolation. He alleges that the temperatures in the segregation unit were so cold that it caused his legs, ankles, and feet to begin to swell. In April 2004, Plaintiff was transferred from WCCF to SMCI, where he remained until September 2004. He concedes that he received medication and a walker at SMCI, but feels that the SMCI medical personnel should have provided greater assistance. The medical records indicate that Plaintiff was diagnosed with Burger Syndrome in his lower legs and feet. As a result of the condition, Plaintiff did not get a sufficient blood supply to his lower legs and feet. Plaintiff was provided with a walker while at SMCI. At one point, Plaintiff was admitted to the SMCI infirmary and

administered steroids. Plaintiff's condition improved during his stay in the infirmary. The condition deteriorated after Plaintiff was released from the infirmary. An affidavit from Dr. Welch indicates that Plaintiff's three-pack-a-day smoking habit may have contributed to his condition. In September 2003, Plaintiff was transferred to Parchman so that he could be placed in a unit where meals and medication could be brought to him.

The Doctors who are the subject of the pending Motions for Summary Judgment now under consideration by the Court were employed by SMCI; therefore, only the treatment received at SMCI will be considered in ruling on the instant motions.

### Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709.  However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).  Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

Defendants have presented medical evidence demonstrating an absence of any genuine issue of material fact with respect to Plaintiff's medical care at SMCI.  The medical records clearly show that Plaintiff received extensive treatment for his condition.  During Plaintiff's six months at SMCI, doctors examined him on numerous occasions and prescribed pain medications.

3

Plaintiff was placed in the infirmary at one time and received a walker to help him move about the prison facility. Eventually, out of concern for Plaintiff's condition, prison officials transferred Plaintiff to Parchman. Plaintiff does not dispute any of these facts. He simply disagrees with the method of treatment and the diagnosis. He has not presented evidence of deliberate indifference to his medical condition. Accordingly, the claims for inadequate medical care against Defendants Blackston, Welch, and Young should be dismissed.

  Plaintiff also alleges that the SMCI doctors should have provided him with a "lay-in" tray rather than requiring him to walk approximately 100 yards to the dining hall and stand in line for food for 5 to 10 minutes. He also feels that medications should have been delivered to his cell. Plaintiff states that the walking and standing exacerbated his condition. The doctors provided Plaintiff with a walker to help him ambulate. They also explained to him that SMCI policy did not provide for "lay in" trays. Eventually, prison officials provided Plaintiff with the relief he sought by sending him to Parchman where his meals and medication could be brought to his cell. Plaintiff is disagreeing with the method of treatment rather than demonstrating deliberate indifference to his medical condition. To the contrary, the medical staff at SMCI showed considerable solicitude towards Plaintiff's condition during his brief stay at SMCI.

  Alternatively, the claims against Dr. Blackston should be dismissed because Plaintiff has failed to demonstrate any personal involvement by Dr. Blackston in the treatment of Plaintiff's condition. In fact, Dr. Blackston was not at SMCI during Plaintiff's incarceration there. Rather, Dr. Blackston was the State Medical Director for the Mississippi Department of Corrections during this time frame. At best, Plaintiff simply states that Dr. Blackston should have sent him to an outside specialist or provided him with better medical treatment. Again, this goes to the

method of treatment and does not demonstrate deliberate indifference.  Nor would Dr. Blackston be liable in his supervisory capacity.  *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc).  Any claims against Dr. Blackston in his individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates."  *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).

IT IS THEREFORE ORDERED that Defendants' [47, 49] Motions for Summary Judgment are GRANTED, and the claims against Defendants Blackston, Young, and Welch are dismissed with prejudice.

SO ORDERED, this the 9th day of February, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE