UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEROME DORSEY                                                                                      PLAINTIFF

VERSUS                                                                   CIVIL ACTION NO. 2:04CV253-RHW

CHRISTOPHER EPPS, et al                                                                     DEFENDANTS

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is a [51] Motion for Summary Judgment filed on behalf of Defendants Dolan Waller, S. Burkhalter, Jason Ellis, Dr. Herrington, and Reginald Jackson.  Defendants were all employed at the Wilkinson County Correctional Facility (WCCF) at the time of the events alleged in Plaintiff's 42 U.S.C. § 1983 complaint.  In his complaint, Plaintiff has asserted two claims against the Defendants at WCCF:  (1) that he was denied constitutionally adequate medical care for a condition affecting his lower extremities; and (2) that he was subjected to cruel and unusual punishment because his prison cell was cold.

**Factual Background**

While incarcerated at WCCF, Plaintiff was placed in isolation or segregation from November 2, 2003, to December 2, 2003, based on a rules violation.  He alleges that the temperatures in the isolation cell were abnormally cold and caused his legs, ankles, and feet to swell.  The swelling and problems with his lower extremities did not begin until his stay in isolation.  He further alleges that it was kept abnormally cold as a form of cruel and unusual punishment.  Even though it was winter time, he alleges that the air conditioning was running.  The cold temperatures allegedly caused him to lose functioning in his feet and toes.  Plaintiff says he complained numerous times to prison officials, including Defendants Ellis and Jackson,

but to no avail.

As a result of the affliction to his lower extremities, Plaintiff sought medical care. The medical records indicate that while at WCCF Plaintiff received repeated and ongoing medical care for his condition. Shortly after being released from isolation, on December 8, 2003, Dr. Herrington examined Plaintiff for his condition. He continued to treat Plaintiff on a repeated basis over the next three months, until Plaintiff's transfer to SMCI in March 2004. The medical staff at WCCF ordered numerous laboratory tests, prescribed numerous medications, provided Plaintiff with crutches, directed that medicine and meals be brought to his cell, and even sent Plaintiff to a doctor at Field Memorial Hospital for an outside examination. The records indicate that the medical staff at WCCF examined and treated Plaintiff every time he made a sick call request. Plaintiff admits that he was seen by the medical staff at least twice a month and that he received probably eight different prescriptions for treatment of his condition.

**Law and Analysis**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most

favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

Defendants have presented medical evidence demonstrating an absence of any genuine issue of material fact with respect to Plaintiff's medical care at WCCF. The medical records clearly show that Plaintiff received extensive treatment for the condition in his lower extremities. In his response to the Motion for Summary Judgment filed on December 25, 2005, Plaintiff apparently concedes that he was not denied medical treatment. Rather, he disagrees with the diagnosis by medical personnel at WCCF and the course of treatment. Plaintiff has not presented evidence of deliberate indifference to his medical condition, merely a disagreement with treatment. In fact, the undisputed evidence demonstrates that Plaintiff received considerable time and attention from the WCCF medical staff, even if the ultimate results were not to Plaintiff's satisfaction. Accordingly, the claims for inadequate medical care against all Defendants should be dismissed.

Next Plaintiff claims that prison officials kept the temperature in his prison cell extremely cold as a form of punishment and that the extreme cold either caused or exacerbated his ankle condition. Defendants have not presented any argument or evidence to demonstrate the absence of a genuine material fact as to this claim. They have presented medical evidence to demonstrate that the cold temperature did not cause his foot condition; however, they have not presented summary judgment evidence to dispute whether the temperature in Plaintiff's cell was abnormally cold such that it rises to the level of cruel and unusual punishment, and if so, whether this was done with deliberate indifference by the Defendants. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999) (holding that exposure to extreme cold states a cause of action under § 1983); *Foulds v. Corley*, 833 F.2d 52, 54 (5th Cir. 1987). Nor have Defendants offered any evidence to demonstrate whether the cold

temperature could have exacerbated a pre-existing medical condition.  Accordingly, Plaintiff has stated a cause of action that survives Defendants' Motion for Summary Judgment.

Plaintiff also alleges that various Defendants made jokes about his swollen feet and ankles.  Although such comments if true may be regrettable and unprofessional, they do not state a viable constitutional claim under § 1983.

IT IS THEREFORE ORDERED that Defendants' [51] Motion for Summary Judgment is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff shall be permitted to proceed against Defendants Waller, Ellis, and Jackson on the issue of whether they subjected Plaintiff to cruel and unusual punishment based on abnormally cold temperatures in the isolation or segregation cells at WCCF.

IT IS FURTHER ORDERED that Defendants Herrington and Burkhalter are dismissed with prejudice from the lawsuit.

SO ORDERED, this the 9th day of February, 2006.

                                                     s/ *Robert H. Walker*
                                                     UNITED STATES MAGISTRATE JUDGE